[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2009
THOMAS K. KAHN
CLERK

No. 09-10168
Non-Argument Calendar

_____

D. C. Docket No. 08-00093-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRIO MARQUEZ GILES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 28, 2009)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Darrio Giles appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g)(1). Giles argues that the district court erred by refusing to provide the jury with instructions regarding the defense of innocent transitory possession. Giles asserts that (1) this innocent transitory possession is a valid defense to charges brought under § 922(g)(1); (2) he was entitled to an instruction regarding that defense because the evidence was sufficient to support innocent transitory possession; and (3) failure to give such an instruction seriously impaired his defense.

Giles and his friend, Renaldo Whitman, were passengers in a stopped car who were approached the police, having smelled marijuana emanating from the open window. When Giles failed to respond to the police officer's request to place his hands on the headrest, she opened the door and discovered a gun under his shirt. As a previously convicted felon, Giles was subsequently charged under § 922(g)(1). Giles claims that the evidence showed that he received possession of the gun moments before he was stopped by the police, and that he was on his way to return the gun to its owner when he was arrested. Thus, he asserts that an instruction on innocent transitory possession was warranted.

"We review a district court's refusal to give a requested jury instruction for an abuse of discretion." United States v. Palma, 511 F.3d 1311, 1314–15 (11th Cir. 2008). For the denial of a requested jury instruction to constitute reversible

error, a defendant must show that "(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." Id. at 1315. If the defendant has made such a showing, the requested theory-of-defense instruction should be given if it is "adequately supported by evidence from the record." United States v. Opdahl, 930 F.2d 1530, 1535 (11th Cir. 1991). A defendant is entitled to a jury instruction even if the evidence to support it is "weak, insufficient, inconsistent, or of doubtful credibility." Palma, 511 F.3d at 1315. "In determining whether there is a proper evidentiary foundation for the instruction, the evidence must be viewed in the light most favorable to the accused." Id.

"To prove that a defendant committed an offense under 18 U.S.C. § 922(g)(1), the government must show that (1) he or she knowingly possessed a firearm or ammunition, (2) he or she was previously convicted of an offense punishable by a term of imprisonment exceeding one year, and (3) the firearm or ammunition was in or affecting interstate commerce." Id. Giles, who does not dispute that the government has shown each element above, asserts that innocent and transitory possession should be a defense to this charge. We have neither recognized nor rejected the availability of an innocent-transitory-possession

3

defense to § 922(g)(1).  Id. at 1316.  The majority of circuits that have considered

the theory of defense have declined to recognize it.  Id. at 1316 n.3. (collecting

cases).[1]  Assuming that a defense of innocent transitory possession is theoretically

available, as noted above, the district court does not abuse its discretion in refusing

to instruct the jury where the defense is unsupported by the evidence in the case.

Palma, 511 F.3d at 1316–17.

Upon review of the record and consideration of the parties' briefs, we do not

find that the district court abused its discretion.  We find it unnecessary to

determine the availability of an innocent-transitory-possession defense to a

§ 922(g) charge.  Assuming that such a defense is available, we find that Giles did

not provide a sufficient evidentiary basis in the record to support the instruction.

Giles argues in his brief that his possession was both innocent and transitory

because it could be inferred from the evidence that Whitman pushed the gun on

him at the last second, and he was covering for Whitman.  However, taking the

facts in the light most favorable to Giles, the evidence shows otherwise.  Based on

the record and the testimony at trial, it appears that he affirmatively chose to

retrieve the gun and that he was in possession of the firearm for two days before

_____

[1] The one circuit that has permitted the defense has done so only when: (1) the firearm was attained innocently and held with no illicit purpose; (2) the possession was transitory in light of the circumstances; and (3) the defendant had the intent to turn the firearm over to the police. United States v. Mason, 233 F.3d 619, 624 (D.C. Cir. 2000).

allegedly attempting to return it to the owner. Giles made an initial recorded statement to an ATF agent that the police found the gun on the back seat floorboard, and he did not know that the gun was in the car. But after the agent informed Giles that his statement was inconsistent with the police report, Giles gave a new recorded statement, in which he admitted to possessing the gun in the car and to holding the gun for two days while Whitman was out of town. This is too long a period of time to qualify as "transitory." The only evidence Giles cited to support his "transitory" claim that the gun was pushed on him right before his arrest was that Whitman had told a friend that Giles was "going down" for the gun charge. Any inferential conclusions to be drawn from that statement does not qualify as adequate support for an innocent-transitory-possession defense instruction, particularly given his revised statement to the ATF agent. Accordingly, we affirm Giles's conviction and sentence.

**AFFIRMED**